**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD.,<br>Plaintiff,<br><br>v.<br><br>ABN AMRO BANK N.V.,<br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>ERWIN PEARL,<br>Third Party Defendant. | C.A. No. 08-143-S |

**ANSWER OF ERWIN PEARL TO THIRD PARTY COMPLAINT**

Third Party Defendant Erwin Pearl ("Pearl"), by his undersigned attorneys, hereby answers the Third Party Complaint brought by Defendant ABN AMRO Bank, N.V. ("ABN"):

1. Pearl admits the allegations set forth in paragraph 1 of the Third Party Complaint.

2. Pearl admits that he is a citizen of the State of New York but otherwise, Pearl denies the allegations set forth in paragraph 2 of the Third Party Complaint.

3. Pearl admits the allegations set forth in paragraph 3 of the Third Party Complaint.

4. Pearl admits that the matter in controversy exceeds the sum of $75,000.00 but otherwise paragraph 4 sets forth legal conclusions and no facts to which a responsive pleading is required.

5. Pearl admits that Armbrust approached ABN regarding the possibility of transferring financing to ABN but, otherwise, Pearl denies the allegations set forth in paragraph 5 of the Third Party Complaint.

6. Pearl lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 6 of the Third Party Complaint.

7. Pearl denies the allegations set forth in paragraph 7 of the Third Party Complaint.

8. Pearl admits that ABN required Pearl's personal guaranty but otherwise lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 8 of the Third Party Complaint.

9. Pearl admits the allegations set forth in paragraph 9 of the Third Party Complaint.

10. Pearl denies the characterizations of legal documents set forth in paragraph 10 of the Third Party Complaint and avers that the Consignment Agreement speaks for itself.

11. Pearl admits that ABN insisted upon a guarantee by Pearl and that Exhibit 2 attached to the Third Party Complaint is a copy of such Guaranty. Otherwise, Pearl denies the characterizations of the legal documents set forth in paragraph 11 of the Third Party Complaint.

12. Pearl denies the legal characterizations set forth in paragraph 11 of the Third Party Complaint and avers that the Guaranty speaks for itself.

13-16. Pearl lacks sufficient information to form a belief as to the truth of the matters asserted in paragraphs 13 through 16 of the Third Party Complaint, inclusive.

17. Pearl admits that Armbrust informed ABN that it wished to terminate its banking relationship with ABN in favor of another institution and requested a statement of the amount then due to satisfy Armbrust's obligations to ABN. Pearl also admits that ABN generated a statement of the amount necessary to repay the indebtedness of Armbrust to ABN and provided the payoff amount to Armbrust. Otherwise, Pearl denies the allegations set forth in paragraph 17 of the Third Party Complaint.

18. Pearl admits that, in September 2006, ABN claimed that it had made a mistake but otherwise Pearl lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 18 of the Third Party Complaint.

19. Pearl admits that Armbrust has refused ABN's demands set forth in Exhibit 9 but otherwise Pearl denies the allegations set forth in paragraph 19 of the Third Party Complaint.

20. Pearl denies the allegations set forth in paragraph 20 of the Third Party Complaint.

21. Pearl denies the allegations set forth in paragraph 21 of the Third Party Complaint.

22. Pearl denies the allegations set forth in paragraph 22 of the Third Party Complaint.

23. Pearl admits that he is aware of the refusal of Armbrust to accede to ABN's demands but otherwise Pearl denies the allegations of paragraph 23 of the Third Party Complaint.

24. Pearl admits that Armbrust has not acceded to ABN's demands but denies that it is obligated to do so and otherwise denies the remaining allegations set forth in paragraph 24 of the Third Party Complaint.

25. Pearl denies the allegations set forth in paragraph 25 of the Third Party Complaint.

WHEREFORE, Pearl demands that judgment be entered in his favor dismissing the Third Party Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Pearl pleads the defense of unilateral mistake.

**SECOND AFFIRMATIVE DEFENSE**

Pearl pleads the defense of release.

**THIRD AFFIRMATIVE DEFENSE**

Pearl pleads the defense of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

Pearl pleads the defense of estoppel. Armbrust is innocent of any wrongdoing and has materially changed its position in reliance upon the total payoff amount provided by ABN.

ERWIN PEARL

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: July 2, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2008, the foregoing ANSWER OF ERWIN PEARL TO THIRD PARTY COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Staci L. Kolb, Esq. / Blish & Cavangh LLP
slk@blishcavlaw.com

/s/ Steven E. Snow

993363_1/3119-5