# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD.,<br>Plaintiff,<br><br>v.<br><br>ABN AMRO BANK N.V.,<br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>ERWIN PEARL,<br>Third Party Defendant. | C.A. No. 08-143-S |

**REPLY OF ARMBRUST INTERNATIONAL, LTD. TO COUNTERCLAIM**

Armbrust International, Ltd. ("Armbrust"), by its undersigned attorneys, replies to the Counterclaim filed by ABN AMRO Bank, N.V. ("ABN").

1. Armbrust admits the allegations set forth in paragraph 1 of the Counterclaim.

2. Armbrust admits the allegations set forth in paragraph 2 of the Counterclaim.

3. Armbrust admits that the matter in controversy exceeds the sum of $75,000.00. Otherwise, paragraph 3 of the Counterclaim sets forth only legal conclusions and no facts to which a responsive pleading is required.

4. Armbrust admits that it approached ABN in the Spring of 2000 regarding the possibility of transferring financing to ABN but, otherwise, Armbrust denies the allegations of paragraph 4 of the Counterclaim.

5. Armbrust lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 5 of the Counterclaim.

6. Armbrust denies the allegations set forth in paragraph 6 of the Counterclaim.

7. Armbrust admits that ABN required the personal guaranty of Erwin Pearl but, otherwise, Armbrust lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 7 of the Counterclaim.

8. Armbrust admits the allegations set forth in paragraph 8 of the Counterclaim.

9. Armbrust denies the characterizations of the legal documents set forth in paragraph 9 of the Counterclaim and states that the Consignment Agreement speaks for itself.

10. Armbrust admits that ABN insisted that Mr. Pearl provide a guaranty and that Exhibit 2 reflects such guaranty. Otherwise, Armbrust lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 10 of the Counterclaim.

11. Armbrust denies the characterizations of legal documents set forth in paragraph 11 of the Counterclaim and states that the guaranty documents speak for themselves.

12-15. Armbrust lacks sufficient information to form a belief as to the truth of the matters asserted in paragraphs 12 through 15 of the Counterclaim, inclusive.

16. Armbrust admits that it informed ABN that it wished to terminate its banking relationship in favor of another institution and requested a statement of the amount then due to satisfy Armbrust's obligations to ABN. Armbrust also admits that ABN provided the payoff amount. Otherwise, Armbrust denies the allegations of paragraph 16 of the Counterclaim.

17. Armbrust admits that, in September 2006, ABN claimed it made a mistake with respect to the payoff amount but otherwise, Armbrust lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 17 of the Counterclaim.

18. Armbrust admits that it has failed and refused to satisfy ABN's demands but otherwise Armbrust denies the allegations set forth in paragraph 18 of the Counterclaim.

19. Armbrust repeats and realleges paragraphs 1 through 18 of this Reply as if fully set forth herein.

20-23. Armbrust denies each and every allegation set forth in paragraphs 20 through 23 of the Counterclaim, inclusive.

24. Armbrust admits that it has not acknowledged responsibility for the payment of 15,000 Fine Troy Ounces of silver and that it denies having breached the Consignment Agreement but, otherwise, Armbrust denies the allegations of paragraph 24 of the Counterclaim.

25-26. Armbrust admits the allegations set forth in paragraphs 25 and 26 of the Counterclaim.

27-30. Armbrust lacks sufficient information to form a belief as to the truth of the matters asserted in paragraphs 27 through 30 of the Counterclaim, inclusive.

31. Armbrust repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32-33. Armbrust denies the allegations set forth in paragraphs 32 and 33 of the Counterclaim.

34-35. Armbrust admits the allegations set forth in paragraphs 34 and 35 of the Counterclaim.

36. Armbrust denies the allegations set forth in paragraph 36 of the Counterclaim.

WHEREFORE, Armbrust demands judgment against ABN, declaring the rights and other legal relations of the parties and, in particular, declaring that Armbrust has no obligation to ABN and that ABN has forfeited any claim in connection with the alleged March 19, 2004 silver transfer. Armbrust also demands such other and further relief as this Court deems meet and just, including an award of attorneys' fees and costs.

**FIRST AFFIRMATIVE DEFENSE**

Armbrust pleads the defense of unilateral mistake.

**SECOND AFFIRMATIVE DEFENSE**

Armbrust pleads the defense of release.

**THIRD AFFIRMATIVE DEFENSE**

Armbrust pleads the defense of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

Armbrust pleads the defense of estoppel. Armbrust is innocent of any wrongdoing and has materially changed its position in reliance upon the total payoff amount provided by ABN.

ARMBRUST INTERNATIONAL, LTD.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: July 2, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2008, the foregoing REPLY OF ARMBRUST INTERNATIONAL, LTD. TO COUNTERCLAIM was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Staci L. Kolb, Esq. / Blish & Cavangh LLP
slk@blishcavlaw.com

/s/ Steven E. Snow

993319_1/3119-5