# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARMBRUST INTERNATIONAL, LTD.,<br>Plaintiff,<br><br>v.<br><br>ABN AMRO BANK N.V.,<br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>ERWIN PEARL,<br>Third Party Defendant. | C.A. No. 08-143-S |

## PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT

Armbrust International, Ltd. ("Armbrust"), Plaintiff in the above-captioned matter, respectfully supplies the following pretrial conference statement in connection with the pretrial conference to be held July 25, 2008.

Armbrust's Complaint seeks a declaratory judgment against Defendant ABN AMRO Bank N.V. ("ABN") in connection with ABN's claims that, notwithstanding Armbrust's satisfaction of the payoff demand made at the time of the termination of their banking relationship, that ABM had previously provided 15,000 ounces of silver to Armbrust for which Armbrust has not paid. ABN has counterclaimed for declaratory judgment on the same issue and for restitution based upon allegedly unjust enrichment. ABN has also brought a third party complaint against Erwin Pearl, under a guaranty.

From approximately June 30, 2000 until December 1, 2005, Armbrust and ABN were parties to a certain consignment agreement relating to the provision of precious metals utilized in Armbrust's manufacturing processes, including those performed by subcontractors. During the course of the relationship, ABN conducted annual audits of the consigned precious

metal in the possession and control of Armbrust, which included physical verification of Armbrust's inventory and reviews of Armbrust's control system. In addition, each year Armbrust provided ABN with audited financial statements conducted by Armbrust's independent public accountants, including inventories tested by those auditors. In late 2005, Armbrust decided to transfer its entire banking relationship to Sovereign Bank and Armbrust requested ABN to calculate Armbrust's precious metals obligation to ABN. A pay-off letter was prepared by ABN providing for a total pay-off amount of $1,452,550.07. Armbrust paid ABN the total amount set demanded in the pay-off letter and transferred its accounts and precious metal consignments to Sovereign Bank. Pursuant to the pay-off letter, upon receipt of the pay-off amount, the debtor's obligations were deemed satisfied in full and ABN filed the appropriate UCC termination statements.

More than two years after Armbrust's payment ABN claimed to have discovered that it had made an error in calculating the total pay-off amount and demanded payment of 15,000 Fine Troy Ounces of silver or its dollar equivalent. This litigation ensued.

Plaintiff's action for declaratory judgment is based upon 28 U.S.C. § 2201. In a case of actual controversy within its jurisdiction, this court may declare the rights and other legal relations of the parties. Declaratory relief under the statute is discretionary with the court. Bilida v. McCleod, 211 F.3d 166 (1st Cir. 2000). In this case, Armbrust has the burden of showing the existence of a "live and acute controversy." Shell Oil Co. v. Noel, 608 F.2d 208 (1st Cir. 1979). In this case, there will be no dispute that there is an actual controversy since ABN has filed a counterclaim over the same subject matter.

From Plaintiff's perspective, the principal issues in this declaratory judgment action will be over its defenses of accord and satisfaction and release. An accord is a contract under which the obligee promises to accept a stated performance in satisfaction of the obligor's

existing duty. In re: Newport Plaza Associates, LP, 129 B.R. 326 (D.R.I. 1991), *affirmed* 985 F.2d 640 (1st Cir. 1991). An accord is a bar to all actions based upon the account. Cavanagh v. Bostich, Inc., 165 A.2d 728 (R.I. 1960). An accord must be supported by valuable consideration. In re: Newport Plaza Associates, LP, supra.

Like the defense of accord and satisfaction, the defense of release also involves a form of contract. No set form of words is essential to constitute a release. Vaughan v. Mason, 23 R.I. 340 (1901). It is black letter law that a unilateral mistake in connection with the formation of a release affords the errant no relief. Boccarossa v. Watkins, 313 A.2d 135 (R.I. 1973). An enforceable release must be knowingly and voluntarily given, as evidenced by the totality of circumstances. Bard v. Mark Stevens CVS, Inc., 378 F. Supp. 2d 33 (D.R.I. 2005).

In order to vacate or avoid the language of the pay-off letter, ABN must prove the existence of a mutual mistake as opposed to a unilateral mistake. ABN has the burden of proving mutual mistake by clear and convincing evidence. Rivera v. Gagnon, 847 A.2d 280, 284 (R.I. 2004).

Respectfully submitted,

ARMBRUST INTERNATIONAL, LTD.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: July 23, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2008, the foregoing PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Staci L. Kolb, Esq. / Blish & Cavangh LLP
slk@blishcavlaw.com

/s/ Steven E. Snow

998060_1/3119-5