UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Armbrust International, Ltd., Plaintiff, | ) | |
| v. | ) | CA No. 08-143 S |
| ABN AMRO Bank, NV, Defendant, | ) | |
| v. | ) | |
| Erwin Pearl, Third Party Defendant. | ) | |

**PRETRIAL ORDER**

(Civil Case)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by **March 25, 2009**. (All fact discovery must be completed by this date, except by agreement or leave of Court.)

2. Dispositive Motions. Dispositive motions shall be filed by **April 8, 2009**. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 56 with respect to motions for summary judgment.

3. Pretrial Memoranda. Counsel shall file with the clerk by **30 days after a decision on any dispositive motions, or if no dispositive motions are filed, April 8, 2009**, a memorandum which shall contain, at a minimum, the following information:

A.(1) As to the Plaintiff, what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert;

A.(2) As to the Defendant, what is expected to be proven in defense, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. Supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff

in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed date for filing of same.

E. If the case is to be tried before a jury, full and complete proposed jury instructions, as well as a jury verdict form (with special interrogatories, if any are being requested), (proposed jury instructions should also be filed electronically, in either Word or WordPerfect format, directly with Chambers).

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or trial of the action.

H. **Any material that counsel believes should be filed under seal must be filed separately, with the appropriate motion to seal (<u>see</u> Local Rule Gen 102).**

5. <u>Trial Calendar</u>. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda.**

6. <u>No Stays Except Upon Motion</u>. The dates contained herein shall not be stayed by the filing of a dispositive

motion (i.e. Local Rule 56 is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

7. Additional Matters. Counsel shall file, in addition to documents electronically filed, two (2) additional "hard" copies for Chambers.

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions for summary judgment, and regarding motions in limine, no motions shall be filed except by leave of Court after ten (10) days from the close of discovery.

While every effort will be made to assign a firm date for trial, the case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held shortly before trial. At the final pretrial conference, trial counsel must be present and prepared to discuss in detail the probable length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of the case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order

/s/ Doreen Vorias
Deputy Clerk

ENTER:

/s/ William E. Smith
William E. Smith
United States District Judge
Date: July 25, 2008